# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JERRY JOSEPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-07108 |
| ) | |
| WAL-MART STORES, INC. d/b/a ) | |
| SAM'S CLUB, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26 and Local Rule 26.2 and for good cause shown, Plaintiff Jerry Joseph ("Plaintiff"), by counsel, and Defendant Sam's West, Inc. (incorrectly identified in the caption as "Sam's Club West and/or Sam's Club," hereinafter "Defendant" or "Sam's Club"), by counsel, hereby stipulate to the entry of the following protective order to preserve and maintain the confidential information and records the parties obtain during discovery. Specifically, the parties stipulate that the following information and records obtained during discovery, including documents already produced during discovery, should be preserved and maintained as confidential: (1) confidential personnel information (medical, financial, disciplinary, and/or personal identifying information) of non-party Associates of Defendant; (2) other confidential information, including but not limited to Red Book and other internal investigations, audit results, incident reports, and Associate lists and/or information; (3) proprietary information, including but not limited to Computer Based Learning ("CBL") modules, training manuals, and Sam's Club Policies; (4) all medical records, psychiatric records, or other mental health records pertaining to Plaintiff; (5) all documents deemed confidential under either state or federal law including, but not limited to, documents deemed confidential under the Mental Health and Developmental Disabilities Confidentiality Act [740 ILCS 110/1 *et*

*seq.*] or the Health Insurance Portability and Accountability Act of 1996 as amended [42 U.S.C. 201 *et seq.*]; and (6) all tax or financial records pertaining to either Plaintiff or Defendant. Good cause exists for this protective order.

1. Plaintiff has filed an action against Defendant relating to his employment as a Sam's Club Associate.

2. Plaintiff seeks from Defendant confidential and proprietary information.

3. Plaintiff has obtained or plans to obtain the information described in Paragraph 2 during the discovery phase of this lawsuit.

4. Defendant seeks from Plaintiff confidential information.

5. Defendant has obtained or plans to obtain the information described in Paragraph 4 during the discovery phase of this lawsuit.

6. Plaintiff and Defendant have mutually agreed to certain designated measures that will protect the Parties' interests in connection with discovery requests.

7. The measures designated by Plaintiff and Defendant are reasonable and will not prejudice anyone or unduly burden the Court.

WHEREFORE, it is hereby **AGREED** and **ORDERED** that:

1. Specifically, any confidential or proprietary information as defined above provided by Defendant in response to Plaintiff's discovery requests or provided by Plaintiff in response to Defendant's discovery requests is herein designated as "RESTRICTED" and shall be subject to the terms and restrictions of this Agreed Protective Order.

2. Any other documents, or portion thereof, and any other form of evidence voluntarily produced or discovered pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure that contain confidential or proprietary information may be designated by Plaintiff and

Defendant as "RESTRICTED" and shall be subject to the terms and the restrictions of this Agreed Protective Order.

3.  Documents, information or materials may be designated as "RESTRICTED" as follows:

    (a) Documents or copies containing confidential information provided during discovery may be designated as "RESTRICTED" by marking the initial page "RESTRICTED" at the time they are produced for inspection. In lieu of marking the original of a document, if the original is not produced, the party may mark the copy that is produced. At the time documents are inspected by the opposing party, producing counsel may also designate documents as "RESTRICTED" by orally indicating their confidential nature and that they are subject to this Order; however, the initial page of all such documents shall be marked "RESTRICTED" at the time they are produced.

    (b) Portions of answers to interrogatories and other discovery responses, affidavits, briefs, memoranda or other papers filed with the Court containing confidential information may be designated as "RESTRICTED" by prominently marking such pages "RESTRICTED."

    (c) Confidential information disclosed at the deposition of a party or of one of its present or former officers, directors, employees, agents, or consultants or an expert (or a non-party who agrees to the terms of this Order) may be designated as "RESTRICTED" by indicating on the record at the deposition that the testimony is confidential and subject to the provisions of this Order. Where such designation is made during a deposition, the restrictions set out in paragraph 4 hereof will apply. Alternatively, the party or non-party may designate confidential information disclosed at such deposition as "RESTRICTED" by thereafter notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each party shall attach a copy of such written notice to the face of the transcript and each copy thereof in his possession, custody or control. All depositions shall be treated as "RESTRICTED" in the manner described below for a period of thirty (30) days after receipt of the transcript, or until receipt of the notice referred to in this paragraph, which ever occurs sooner.

    (d) Tangible objects considered confidential may be designated as "RESTRICTED" by affixing to the object or its container a label or tag marked "RESTRICTED."

4.  Access to documents, information and materials that have been designated as "RESTRICTED" shall be governed by the following:

3

Documents, information and materials designated as "RESTRICTED" shall be made available only to (i) Plaintiff; (ii) Plaintiff's counsel or other employee or representative specifically acting at the direction of Plaintiff's counsel who may be assigned to and/or whose involvement may be necessary to assist in the conduct of this action; (iii) Defendant; (iv) Defendant's counsel or other employee or representative specifically acting at the direction of Defendant's counsel who may be assigned to and/or whose involvement may be necessary to assist in the conduct of this action; (v) individuals deposed by the Parties, provided that deponents shall be allowed to review Restricted documents or information for purposes of the depositions, but shall not be provided with copies of Confidential documents or information; (vi) independent experts or consultants retained by either party to assist in the preparation or trial of this cause for use solely in such preparation or trial; and (vii) the Court, any agent of the Court, court personnel, and deposition and trial court reporters.

5. No documents may be filed under seal absent a motion, filed and noticed for hearing by the party seeking to file such RESTRICTED documents, showing good cause for sealing a portion of the record in the case. Such motion shall be noticed for hearing prior to the due date of the particular filing.

6. RESTRICTED documents may be used in support of motions and at trial. The party intending to use RESTRICTED documents for those purposes must notify the other party of that intent at least 5 days before the document is used. Upon such notice, the parties shall attempt, in good faith, to reach agreement on the use of the document either by redacting such portions of the document as are deemed confidential or the producing party agreeing to mark the document as unrestricted. If such attempt fails, the party opposing the use of RESTRICTED documents may file a motion stating the legal basis for the opposition. If such a motion is filed, the RESTRICTED document at issue shall be filed under seal at the same time as the motion is filed. The RESTRICTED document shall not be otherwise be used or filed, pending ruling by the Court.

7. All protected documents or confidential information shall be used solely for the purpose of this litigation, and shall not be used for the purpose of any other litigation against the Defendant. Nothing in this Order shall prevent either party from using any information classified as "RESTRICTED" in support of or in opposition to any dispositive motion, at trial, during a hearing, during a deposition, or similar proceedings in this action only. Either party may file, prior to trial, a motion *in limine* restricting use of confidential information at trial. Otherwise, no party is RESTRICTED from using such information, where relevant, at trial.

8. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as "RESTRICTED" by Plaintiff or Defendant is in fact confidential; or (b) with respect to the competency, relevance or materiality of any thing designated as "RESTRICTED" by any party.

9. Nothing herein shall prevent disclosure beyond the terms of this Order, including without limitation re-designating a Restricted document as Unrestricted, if the producing party or her/its counsel consents in writing to such disclosure or re-designation, or if the Court, after notice to all affected parties, orders such disclosure.

10. A Party shall not be obligated to challenge the propriety of any designation for protection at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any point in these proceedings with any designation made under this Agreed Protective Order, the Parties shall first try to dispose of such dispute in good faith on an informal basis under Local Rule 37.2. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court.

11. Any retained expert or witness to whom disclosure of any Confidential Information is made shall be provided with a copy of this Agreed Protective Order prior to such

disclosure and shall expressly be bound by the provisions of this Order in the same way that the counsel who retained the expert is bound. None of the persons entitled by this paragraph to view Confidential Information may disclose such information to anyone not entitled to review same, except as permitted in this Agreed Protective Order.

12. Upon written request by producing counsel within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as "RESTRICTED" under this Order, and all reproductions thereof, shall be returned to the producing party or destroyed. However, counsel for the party to whom the information was produced shall be permitted to retain in its file copies of all papers and documents filed with the Court in connection with this action.

13. This Order is without prejudice to the right of either party to this Agreed Protective Order to seek relief from the Court, upon good cause shown, from any of the restrictions provided above.

14. This Order has been entered into by and between Plaintiff and Defendant to facilitate discovery and the production of information in this action. Neither the entry of this Order nor the designation of any information, document, or the like as "RESTRICTED" nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

15. The undersigned counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretations or applications of this Protective Order that may arise and will in good faith designate as "RESTRICTED" only such information as reasonably necessary.

16. The attorneys of record are responsible for employing reasonable measures to control access to and distribution of confidential items.

17. Any party and any interested member of the public can challenge the secreting of any particular document.

The following representatives hereby agree and stipulate to each of the terms and conditions as set forth in the foregoing Agreed Protective Order.

Dated: February 20, 2009

/s/ *Lisa Kane*
Lisa Kane
Lisa Kane & Associates, P.C.
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603

Attorney for Plaintiff

Dated: February 20, 2009

/s/ *Norma W. Zeitler*
Norma W. Zeitler
Sarah Wilhite
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, Illinois 60606-2833

Attorneys for Defendant

APPROVED on this 25 day of February, 2009.

Wm. J. Hibbler
United States District Court
Northern District of Illinois

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2009, I electronically filed the foregoing Agreed Protective Order with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Lisa Kane
>Lisa Kane & Associates, P.C.
>120 South LaSalle Street, Suite 1420
>Chicago, Illinois 60603

>*/s/Norma W. Zeitler*

CHDS01 519763v1